# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**NATHANIEL DAVID HAMMOND**                                                                  **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 3:10CV-P176-S**

**LOUIS LAWSON** *et al.*                                                            **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on Defendants' motion to dismiss. For the reasons set forth below, the Court will grant the motion.

Plaintiff filed this 42 U.S.C. § 1983 action on or about March 17, 2010. At the time he filed his complaint, Plaintiff was a pretrial detainee housed in the Hardin County Detention Center. Plaintiff's complaint named as Defendants Louis Lawson, Alan New, Chaplain Vance, and John Does I and II. Plaintiff sued Defendants in both their individual and official capacities. He alleged that Defendants violated his constitutional rights by refusing to allow him to practice his religion, Judaism, and refusing to provide him a Kosher diet while incarcerated at the Hardin County Detention Center. He alleged that upon admittance to the facility his religion was incorrectly recorded as being Baptist and the Detention Center had a policy that inmates could not change their religious preference.

Upon the initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's individual and official-capacity claims against the named Defendants to proceed for further development. The Court entered a Scheduling Order to govern the development of the claims. Among other things, the Court's Scheduling Order required that "no later than September 9, 2010, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against Defendants." The Scheduling Order further stated that

"Plaintiff is **WARNED** that his failure to notify the Clerk of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**." Plaintiff did not file a pretrial memorandum with the Court. On October 7, 2010, Defendants filed the instant motion to dismiss asking the Court to dismiss this action based on Plaintiff's failure to comply with the Court's Scheduling Order. Plaintiff did not respond to Defendants' motion.

Recognizing that there was a possibility that Plaintiff might not have received the motion for some reason, the Court entered an Order on November 22, 2010, providing Plaintiff with an additional thirty days to respond to Defendants' motion to dismiss. Plaintiff was warned that his failure to file a response in the allotted time would result in the Court deciding Defendants' motion to dismiss without consideration of a response by Plaintiff. The time passed without any response by Plaintiff. However, on January 3, 2011, Plaintiff requested an extension of time to respond to the motions. Since Defendants did not object, the Court gave Plaintiff until May 1, 2011, to respond to all pending motions and to otherwise comply with the Court's Scheduling Order. Plaintiff did not comply with the Order or show good cause for his failure to do so.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own

initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Scheduling Order by submitting a pretrial memorandum after being afforded more than an adequate amount of time to do so and his failure to respond to the Court's subsequent orders shows a failure to pursue his case that is willful. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

July 27, 2011

                                  **Charles R. Simpson III, Judge**
                                  **United States District Court**

cc:     Plaintiff, *pro se*
        Counsel of record
4411.008